Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
350 N. 9ᵗʰ St., ste. 500
Boise, Idaho 83702
Telephone:  (208) 331-2100
Facsimile:  (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT IN AND FOR

## THE DISTRICT OF IDAHO

| | |
|---|---|
| Nelson & Pade, Inc., a Wisconsin corporation, Rebecca Nelson, and John Pade,<br><br>    Plaintiff<br><br>v.<br><br>The Hanover Insurance Co., a Massachusetts corporation, and John/Jane Does I-X, whose true identities are presently unknown,<br><br>    Defendants | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs, by and through their attorney of record, Jason R.N. Monteleone of Johnson & Monteleone, L.L.P., and, for cause(s) of action against Defendants, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Nelson & Pade, Inc., (hereafter "Plaintiff" or "Plaintiff N&P") is currently and has been a Wisconsin for-profit/S-corporation and business regularly engaged in the aquaponics business of marketing, selling, and distributing aquacultural and/or agricultural products, services, and solutions to customers in the state of Idaho and elsewhere with its corporate mailing address located at P.O. Box 761, Montello, Wisconsin 53949, where Plaintiff N&P also has its principal place of business.  As such, Plaintiff N&P is a corporate resident of Wisconsin.

2.      Plaintiff, Rebecca Nelson, is currently and at all times relevant to this action was a resident of Wisconsin; she holds stock certificates and thereby an ownership interest in Plaintiff N&P.

3.      Plaintiff, John Pade, is currently and at all times relevant to this action was a resident of Wisconsin; he holds stock certificates and thereby an ownership interest in Plaintiff N&P.

4.      At all times relevant to this action herein, Defendant, The Hanover Insurance Co. (hereafter "Defendant Hanover"), was and is a Massachusetts for-profit/S-corporation regularly engaged in the business of selling insurance products for property and casualty losses, authorized to conduct business in the state of Idaho, conducting an insurance and/or surety business in the state of Idaho and elsewhere, licensed with the Idaho Department of Insurance, and otherwise does and has had authority to transact insurance and/or surety business within the state of Idaho. Defendant Hanover's business address is 440 Lincoln St., Worcester, Massachusetts 01653-0002. As an insurance and/or surety business transacting business within the state of Idaho, Defendant Hanover may be served with process through the Idaho Department of Insurance.

5.      At all times relevant to this action herein, Defendants, John/Jane Does I through X, whose true identities are presently unknown, are individuals or entities, political, corporate, or otherwise, whose true identities are unknown at the present time but who engaged in activities, conduct, and/or omissions set forth herein.   Alternatively, John/Jane Does I through X are individuals or entities who are now, or at the material and operative times herein were, the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of Defendants herein, or are individuals or entities acting on behalf of, or in concert with, the other Defendants named herein.

6.      The amount in controversy is greater than the sum of $75,000.00, and this Court has subject matter jurisdiction based on the diversity of citizenship and the fact the breach of the insurance contract set forth herein occurred in the state of Idaho.  The United States District Court for the District of Idaho has jurisdiction over Plaintiff's claims on the basis of complete diversity of citizenship among the parties, pursuant to 28 U.S.C. §1332(a)(1), and the amount in controversy exceeds $75,000.00.

7.      Based upon the above allegations, venue is proper in this action in this Court.  The United State District Court for the District of Idaho is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events, acts, and/or omissions giving rise to Plaintiff's claims herein occurred in this federal district, to wit, Custer County, Idaho.


## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Plaintiffs incorporate herein by reference all of the foregoing and following allegations of his Complaint as though fully set forth *in haec verba*.


**COMPLAINT AND DEMAND FOR JURY TRIAL -- 3**

9.      At all times herein mentioned, Defendants had issued to Plaintiff, for which Plaintiffs duly, properly, and timely paid the premium payment(s), an insurance contract and/or surety bond identified by Policy No. LH1 9774559 02, which insurance contract provided that Defendants would defend and indemnify Plaintiff for professional errors alleged against Plaintiff.

10.     Defendants breached the insurance contract which they entered with Plaintiff N&P and failed to properly perform under that insurance contract, when it refused to defend and indemnify Plaintiff relative to certain claims for professional errors made against Plaintiff by Garden Creek Farms, L.L.C. (hereafter "GCF"), an Idaho limited liability company with its principal place of business in Challis, Custer County, Idaho, and to whom Plaintiff N&P had sold aquaponics goods and/or services.

11.     GCF made a claim and demand for money damages against Plaintiff N&P, and this claim and demand for payment was for alleged, professional errors committed by Plaintiff.

12.     When Plaintiff N&P submitted to Defendant Hanover an insurance claim for coverage to Defendant Hanover as a result of GCF's professional errors claim against Plaintiff N&P, Defendant Hanover refused to pay the claim and refused to defend Plaintiff N&P in the underlying civil action styled *Garden Creek Farms, L.L.C. v. Nelson & Pade, Inc.*, et al., Custer County (Idaho) Case No. CV-2017-81, despite the fact the insurance claim made by Plaintiff N&P for professional errors coverage was not fairly debatable.

13.     As a result of the litigation referenced in the preceding paragraph, Plaintiff N&P paid $300,000.00 of its own funds as a settlement to GCF for GCF's claim for professional errors against Plaintiff N&P; additionally, Plaintiff N&P suffered additional, consequential damages, including, but not limited to, incurring attorney fees and litigation costs in the underlying, civil action and decreased revenues/profits in its business pursuits.

**COMPLAINT AND DEMAND FOR JURY TRIAL -- 4**

14.     Defendants' denial of Plaintiff N&P's claim and Defendants' refusal to defend Plaintiff N&P in the aforementioned, civil litigation were unlawful acts and/or omissions and resulted from Defendants' failure to reasonable and timely investigate, adjust, and pay professional error claims made against Plaintiff N&P by third parties, to wit, GCF in the case at bar.

15.     In doing the acts described in this Complaint, Defendants knew or should have known that it would cause financial, mental, and emotional injuries to Plaintiffs but nonetheless carried out the adjustment and investigation of this professional errors claim with a conscious disregard of Plaintiffs' right to the proceeds under the applicable insurance contract and/or surety bond and with the intention of depriving them of the insurance contract and/or surety bond proceeds to which they are entitled.

16.     Plaintiffs have not prejudiced any rights that Defendants may have as and have repeatedly requested Defendants to pay this professional errors claim under the applicable insurance contract and/or surety bond, which Defendants have refused to do.


### FIRST CAUSE OF ACTION
### (BREACH OF INSURANCE CONTRACT)

17.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

18.     Plaintiff N&P paid all premiums due under the applicable insurance contract and/or surety bond, submitted all proofs of loss required under the applicable insurance policy and/or surety bond, and performed all other conditions precedent which the applicable insurance policy and/or surety bond with Defendants required them to perform; as such, Defendants were obligated to pay the professional errors claim made by GCF against Plaintiff N&P and to defend Plaintiff N&P in the underlying, civil action.

**COMPLAINT AND DEMAND FOR JURY TRIAL -- 5**

19.     Defendants breached the terms of the applicable insurance policy and/or surety bond by failing to justly, fairly, and timely pay Plaintiffs' claim for professional errors coverage benefits, by failing to justly, fairly, and timely adjust Plaintiffs' claim for professional errors coverage, and by refusing to defend Plaintiff N&P in the underlying, civil action filed by GCF against Plaintiff N&P.

20.     As a direct and proximate result of Defendants' breach(es) of the applicable insurance contract and/or surety bond, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial, including but not limited to, legal fees, litigation costs, the cost of the settlement with GCF, travel costs from Wisconsin for Plaintiff N&P's principals, Plaintiffs Nelson and Pade, individually, to attend settlement conferences in Idaho, insurance premiums for its professional errors insurance coverage with Defendants from 2016-2018, and decreased revenues/profits as a result of an article and subsequent social media posts stemming from the underlying civil litigation as referenced at *https://www.capitalpress.com/state/idaho/aquaponic-problems-spark-lawsuit/article_b00c7de5-6c28-500b-9717-9559dc3d0538.html*.     Plaintiff N&P's decreased revenues/profits began approximately at the time the lawsuit was filed by GCF against Plaintiff N&P and the aforementioned article was published.

21.     As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees and costs of litigation from Defendants, pursuant to I. C. §41-1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

COMPLAINT AND DEMAND FOR JURY TRIAL -- 6

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN AN INSURANCE CONTRACT)

22.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

23.     Plaintiffs paid all premiums due under the applicable insurance contract and/or surety bond, submitted all proofs of loss required under the applicable insurance policy and/or surety bond, and performed all other conditions precedent which the applicable insurance policy and/or surety bond with Defendants required them to perform.

24.     Plaintiffs' claim for professional errors benefits under the applicable insurance contract and/or surety bond written by Defendants is not fairly debatable, and Defendants should have timely tendered payment of benefits for this professional errors claim to GCF within a commercially reasonable time frame, which Defendants wholly failed to do.

25.     Defendants Hanover breached the implied covenant of good faith and fair dealing by failing to fairly investigate and adjust and thereafter justly and timely pay Plaintiffs' professional errors claim.

26.     As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial.

27.     As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees and costs of litigation from Defendants, pursuant to I. C. §41-1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

## THIRD CAUSE OF ACTION
### (TORT OF BAD FAITH)

28.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

29.     In investigating and adjusting Plaintiffs' professional errors claim for insurance/surety benefits, Defendants have acted in bad faith by intentionally and unreasonably delaying and/or denying payment on a claim that was not fairly debatable and, in the process, have harmed Plaintiffs in such a way not fully compensable at contract.  The delay and/or denial on the claim was not the result of a good faith mistake.

30.     By delaying and/or denying payment of Plaintiffs' professional errors claim while knowing or should having known they had no legal justification for doing so, Defendants purposefully forced Plaintiffs to file this Complaint in order to obtain the insurance and/or surety benefits and proceeds and for professional errors to which they are entitled.

31.     As a direct and proximate result of the bad faith investigation and adjustment of Plaintiffs' professional errors claim, Plaintiffs have suffered direct and consequential losses and damages in amounts to be determined at trial.

32.     As a direct and proximate result of the bad faith investigation and adjustment of Plaintiffs' professional errors claim, Plaintiffs have suffered noneconomic damages for psychologic harm, emotional distress, financial hardship, pain, and suffering in amounts to be determined at trial.

33.     As a result of the above and foregoing events, facts, and circumstances, Plaintiffs have been required to retain an attorney in this matter and have engaged the professional services of Johnson & Monteleone, L.L.P.  Plaintiffs are entitled to recover their reasonable attorney fees

and costs of litigation from Defendants, pursuant to I. C. §41-1839, and other applicable fee-shifting provisions set by governing statute(s) and procedural rule(s).

## FOURTH CAUSE OF ACTION
## (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

34.     Plaintiffs incorporate herein by reference all of the foregoing and following allegations of this Complaint as though fully set forth *in haec verba*.

35.     In undertaking the conduct referenced in the preceding paragraphs, Defendants undertook outrageous conduct not reasonably cognizable under the standards of decent society.

36.     In undertaking the conduct referenced in the preceding paragraphs, Defendants caused Plaintiffs Nelson and Pade, individually, to suffer severe, emotional distress.

37.     Through the outrageous conduct described above, Defendants, and each of them, acted with the intent to cause, or with reckless disregard for the probability of causing, Plaintiffs Nelson and Pade, individually, to suffer severe, emotional distress.

38.     Plaintiffs Nelson and Pade, individually, experienced physical manifestations of their severe, emotional distress with sleeplessness, anxiety, and heightened stress.

39.     As a direct and proximate result of Defendants' actions, Plaintiffs Nelson and Pade, individually, have suffered, and will continue to suffer in the future, pain and suffering and extreme and severe mental anguish and emotional distress.  Plaintiffs are thereby entitled to general, compensatory damages in amounts to be proven at trial.

40.     Defendants' conduct, as described herein, was outrageous, malicious and oppressive and done with a conscious disregard of Plaintiffs' rights.  The acts and omissions of Defendants were performed with the knowledge of their superior bargaining power and economic strength over Plaintiffs.

**COMPLAINT AND DEMAND FOR JURY TRIAL  --  9**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request and demand judgment against Defendants as follows:

A.     For Plaintiffs' special, economic damages and general, noneconomic damages in amounts which may be proven at trial;

B.     For Plaintiffs' reasonable costs and attorney fees incurred herein; and

C.     For such other and further relief as this Court deems just and equitable.

DATED: This 22nd day of April, 2019.

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury on any and all issues properly triable by jury in this action.

DATED: This 22nd day of April, 2019.

JOHNSON & MONTELEONE, L.L.P.

Jason R.N. Monteleone
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL  --  10**